## CHARLES F. CURWEN *vs.* DENNIS W. QUILL & others.

Essex. November 7, 1895. — February 29, 1896.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Contract to build a Machine — Request for Instructions — Finding.*

A finding for the plaintiff in an action to recover for building a machine for the defendant which failed to do the work intended to be done by it will be allowed to stand if the judge could properly find that the plaintiff agreed to build a machine according to certain drawings made by his draughtsman and approved by the defendant, but did not agree that the machine so built should do the work intended, if the plaintiff has performed the agreement according to the finding of the judge.

CONTRACT. The declaration was a count upon an account annexed for work done and materials furnished. The answer was: 1. A general denial. 2. That the plaintiff made an oral agreement with the defendants to build for them a perfect working " shank machine," the plaintiff to furnish all drawings, materials, labor, etc., and deliver the machine in perfect working order at the defendants' factory for the sum of two hundred and twenty-five dollars, in three weeks from the date of the agreement; but that the plaintiff failed to build or deliver the machine to the defendants according to the agreement.

The case was referred to an auditor, and was tried in the Superior Court, without a jury, before *Lilley,* J., upon the report of

the auditor, who found for the plaintiff. The evidence introduced by the plaintiff tended to show that he never agreed to build a shank machine which would do the work, but that the agreement was that he would build a machine according to certain drawings made by his draughtsman, of which the defendants had approved; and that introduced by the defendants tended to show that the plaintiff agreed to build a shank machine which would do the work, that is, cut shanks such as those which were shown to and left with the plaintiff. There was evidence that the plaintiff built the machine according to the drawings, but that it would not do the work. The defendants requested the judge to rule that the plaintiff could not recover. The judge refused so to rule, and found for the plaintiff; and the defendants alleged exceptions.

*F. L. Evans*, for the defendants.

*F. E. Farnham*, for the plaintiff.

FIELD, C. J. The only exception in this case is the following: " At the close of the testimony the defendants asked the court to rule that, upon the whole testimony, the plaintiff agreed to build a shank machine which would do the work; namely, cut shanks such as were shown and left with the plaintiff as hereinbefore stated, and that upon the whole testimony the plaintiff was not entitled to recover. The court declined to rule as requested, and found for the plaintiff for the amount stated in the auditor's report."

All the material testimony is recited in the exceptions, and it is plain that the court could properly find from the evidence that the plaintiff never agreed " to build a shank machine which would do the work," but that the agreement was that he would build a machine according to the drawings made by his draughtsman, of which the defendants had approved. This agreement the plaintiff had performed. See *Cunningham* v. *Hall*, 4 Allen, 268.

*Exceptions overruled.*